HON. CARL P. GOLDSTEIN Town Attorney, Lumberland
This is in response to your recent letters to our office requesting our opinion concerning the following matters regarding the Town of Lumberland:
1. Can the town board designate special policemen or temporary policemen?
2. Can the town board grant their constables police officer powers?
3. What authority do the town constables possess in regard to making arrests, and do they have the authority to issue uniform traffic tickets for motor vehicle violations?
4. Does the town board have the authority to establish a town safety patrol consisting of town constables?
The questions will be answered in the order they appear above.
You stated in your letters that the Town of Lumberland is a town of the second class with a population of less than 1,000 persons according to the latest federal census (1970), and said town does not have a town police department pursuant to Town Law, § 150.
Town Law, § 158(1) grants to the town board of towns of the first class or towns of the second class with a population of 5,000 or more as shown by the latest federal census the power to employ temporary police officers from time to time. These temporary police officers would be known as special policemen and would have all the power and authority of a constable. Subdivision 2 of said section 158 provides that towns of the second class having a population of less than 5,000 and more than 1,000 as shown by the latest federal census, may adopt a resolution, subject to a permissive referendum, to employ one or more special policemen. However, the Town of Lumberland as you stated has a population of less than 1,000 as shown by the latest federal census so that the town herein would not have the authority to appoint temporary or special policemen.
Local governmental units have only those powers that are granted to them by the state.
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State * * *" (Seaman v. Fedourich, 16 N.Y.2d 94, 101 [1965]).
We can find no other authority of law which would grant to the Town of Lumberland, with a population of less than 1,000 as shown by the latest federal census, the power to appoint temporary or special policemen.
We held in 1972 Op. Atty. Gen. [Inf.] 74, that a town constable appointed by a town of the second class, which has not established a police department, may not be granted police officer powers by the town board. This opinion, which was issued to your office, would still apply to the Town of Lumberland. The opinion went on to state on page 74 therein the vast distinctions between the authority granted to peace officers, which includes a town constable, and the authority granted to police officers, which does not include a town constable, under the Criminal Procedure Law. It is noted that the Legislature has severely limited the powers of a peace officer to make arrests as set forth in Criminal Procedure Law, § 140.25.
We held in 1973 Op. Atty. Gen. [Inf.] 89 that a town constable may issue an appearance ticket only when authorized to do so by the statutory law of the state. We went on to say in that opinion on page 92 that:
 "* * * Town constables are authorized to issue the simplified traffic information, however, inasmuch as for the purposes of the Vehicle and Traffic Law, peace officers are included in the definition of police officers (Vehicle and Traffic Law, Section 132)."
There is no provision of law that provides for the establishment of a town safety patrol. We held in 1974 Op. Atty. Gen. [Inf.] 335, that a town does not have the authority to establish a town auxiliary police force per se. The basis of the holding therein was that there was no statutory authority for establishing such an entity. The same reasoning would apply herein that there is no authority of law for the establishment of a town safety patrol. (See, Seaman v. Fedourich,supra.)
Accordingly, we conclude that (1) the Town of Lumberland, which has a population of less than 1,000 as shown by the latest federal census, cannot appoint temporary or special policemen pursuant to Town Law, § 158; (2) a town constable possesses the powers of a peace officer, and the Legislature has severely limited the powers of a peace officer to make arrests pursuant to Criminal Procedure Law, § 140.25; and (3) a town does not have the authority to establish a town safety patrol.
Insofar as your other inquiries are concerned, we believe that 1972 Op. Atty. Gen. [Inf.] 74, and 1973 Op. Atty. Gen. [Inf.] 89, as cited in this opinion, answer these inquiries.